Vincent **UNTO**, Appellant,

v.

**MOORE–McCORMACK LINES, INC.**

No. 13460.

United States Court of Appeals
Third Circuit.

Argued June 5, 1961.

Decided June 16, 1961.

Rehearing Denied Aug. 29, 1961.

Morris M. Shuster, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant.

John J. Guilfoyle, Jr., Philadelphia, Pa. (T. E. Byrne, Jr., Krusen, Evans & Byrne, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, KALODNER and FORMAN, Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiff from a judgment entered on a verdict for the defendant in a civil action brought by the plaintiff to recover damages for injuries alleged to have been sustained by him while serving as a seaman aboard the defendant's vessel, S. S. Mormactide. The plaintiff based his claim upon the alleged unseaworthiness of the vessel and the negligence of its officers and crew.

The plaintiff first asserts that the trial judge erred in admitting two documents in evidence, one a receipted bill for professional services rendered to the plaintiff by Dr. Carino Cramer of Santos, Brazil, and the other a report of the illness of the plaintiff made by the chief mate of the Mormactide. The receipted bill was a record of a payment made by the defendant in the regular course of its business and the illness report was made by one of its employees also in the regular course of business. Both were produced from the defendant's records. We are satisfied that both were properly admitted in evidence.

The plaintiff's other contention is that the trial judge erred in his charge to the jury. He asserts that the jury was told that the negligence complained of by the plaintiff must have been the proximate cause of his injury in order to entitle him to recover on that ground, whereas they should have been told that the plaintiff was entitled to recover if the defendant's negligence played any part, even the slightest, in producing the injury. The fact is, however, that the trial judge at least twice in the course of his charge gave the jury substantially the latter instruction. Moreover a reading of the entire charge satisfies us that the jury must have understood the trial judge's reference to "proximate cause" in this sense since he gave them no other definition of the phrase. They, therefore, could not have been aware of the more restricted technical legal meaning sometimes given to the phrase. We conclude that there was no reversible error in the charge.

The judgment of the district court will be affirmed.

On Petition for Rehearing.

Before BIGGS, Chief Judge, and MARIS, KALODNER, STALEY, HASTIE and FORMAN, Circuit Judges.

PER CURIAM.

The judges who heard this case are all of opinion that it was correctly decided and that rehearing should, therefore, not be granted. Less than a majority of the circuit judges of the circuit who are in regular active service have requested rehearing by the court in banc. See 28 U.S.C. § 46(c). Accordingly, the petition for rehearing will be denied.

BIGGS, Chief Judge (dissenting).

The trial court wrongly charged the jury several times as to the defendant's liability imposing the test of proximate causation and, contrary to the statement contained in this court's opinion, added an erroneous explanation as to how that test was required to be applied under the circumstances at bar. The trial court also charged the jury correctly at least twice, that if the defendant's negligence played any part, however small, in causing the plaintiff's injuries, he might recover. This court has concluded that the correct portions of the charge were sufficient to wipe out the incorrect portions. But an examination of the first and vital interrogatory put to the jury at the very end of the charge, and answered by the jury in the negative, will demonstrate

beyond doubt that the trial court actually imposed on the jury proximate causation as the test of negligence.

The charge as given was prejudicial to the plaintiff and was timely and properly objected to by him. This court refuses to grant relief. For this reason I must respectfully dissent from the order denying rehearing.

I am authorized to state that Judge Staley joins in this dissent.